## Asher v. Commonwealth.

May 17, 1949.

Isaac Turner for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Marcus Asher has been sentenced to two years in prison for carrying concealed a deadly weapon. The ground relied upon principally for reversal is that Asher was searched unlawfully.

Two state patrolmen testified that they made a search of the Stinnett Gap Place under a search warrant, but they found no whiskey or beer there. They said they arrested three or four persons at the place for being drunk, one of whom was Asher. Asher was searched and a .38 special pistol was found tucked under his belt. The pistol was concealed by a sport shirt which was not tucked in his belt but was hanging loose. On cross examination the patrolmen said that Asher was not disorderly but was under the influence of liquor. They did not say that he was drunk.

Asher denied that he was drunk or drinking, and stated that the pistol was stuck under his belt with all of the handle in view. He said that he had his shirt tucked in his trousers and when one of the officers jerked him it may have fallen down over the pistol. Three witnesses corroborated the testimony given by Asher.

The second paragraph of KRS 244.020 reads as follows:

"No person shall be under the influence of alcoholic beverages on any public or private road, in any passenger coach, street car, or other public place or building or at any public gathering."

Asher was in a public place and the state patrolmen testified that he was under the influence of liquor. It is true that they did not say he was drunk or disorderly, but their testimony was sufficient to bring the case within the purview of the statute just quoted. According to the testimony of the officers, Asher was committing

a public offense in their presence. Therefore, they were warranted in arresting him and making the search.

The evidence on the question of drunkenness or being under the influence of liquor was such that it would have been better had an instruction been given on this phase of the case, but complaint was not directed toward the manner in which the jury was instructed.

Being of the opinion that the evidence was sufficient to warrant the submission of the case to the jury, the judgment is affirmed.